FILED

1   Christopher A. Carr (#44444)
         ccarr@afrct.com
2   ANGLIN, FLEWELLING, RASMUSSEN,
         CAMPBELL & TRYTTEN, LLP
3   199 S. Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4   Tel: (626) 535-1900, Fax: (626) 577-7764

5   Attorneys for Defendant
    WORLD SAVINGS BANK, FSB, renamed
6   and now known as WACHOVIA MORTGAGE,
    FSB, erroneously named and sued as
7   WACHOVIA MORTGAGE CORPORATION

2009 JUN 22 PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12  SHANNON CHLARSON, an individual,   Case No. CV09-4480 GAF PJWx

13                  Plaintiff,

14       vs.                          NOTICE OF REMOVAL BY
                                      DEFENDANT WORLD SAVINGS
15  WACHOVIA MORTGAGE                 BANK, FSB, RENAMED AND
    CORPORATION, a North Carolina     NOW KNOWN AS WACHOVIA
16  Corporation; WISDOM FINANCIAL     MORTGAGE, FSB,
    SERVICES, INC., a Nevada Corporation  (ERRONEOUSLY NAMED IN
17  and DOES 1 through 50, inclusive,  COMPLAINT AS WACHOVIA
                                      MORTGAGE CORPORATION)
18                  Defendants.
                                      [28 U.S.C. § 1441(b);
19                                    FEDERAL QUESTION]

20

21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE

23  HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:

24       PLEASE TAKE NOTICE that defendant WORLD SAVINGS BANK,

25  FSB, renamed and now known as WACHOVIA MORTGAGE, FSB, a federal

26  savings bank ("Wachovia"), hereby provides Notice of Removal pursuant to

27  28 U.S.C. §1441 (a)-(c), and hereby removes to this Court the state court action

28

described below.  Wachovia is erroneously named in this action as "Wachovia Mortgage Corporation, a North Carolina corporation."

1.    JURISDICTION.  As more particularly set forth below, this court has jurisdiction of this case under 28 U.S.C. §1331 because plaintiff asserts claims arising under the laws of the United States (*inter alia*, 15 U.S.C. §1601, *et seq.*).

2.    INTRADISTRICT ASSIGNMENT.  This case is removed to the Western Division of this court because the action was initially filed in the Superior Court of Los Angeles County.

3.    On or after June 5, 2009, plaintiff served the Complaint in Case Number BC412269, pending in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action"), entitled as captioned above, which was filed in state court on or about April 22, 2009.  A copy of the Complaint in the State Court Action is attached as Exhibit A.  Wachovia did not appear in the State Court Action.  Attached as Exhibit B are all other papers from the State Court Action, which are the Summons, the Civil Case Cover Sheet and Addendum, and the Notice of Case Assignment, all filed by plaintiff or issued by the State Court.

4.    At Paragraphs 11-15 of the Complaint, plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.* in the origination of the loan and a right to rescind the loan under the TILA.  The first claim for relief, at paragraphs 11-15 alleges a TILA right to rescind.  The second claim for relief incorporates the alleged TILA violations as the sole basis for an alleged violation of California *Business & Professions Code* §17200 *et seq.*

5.    Thus, claims arising under the laws of the United States, *i.e.*, federal questions, are presented, which gives this court jurisdiction over the claims under 28 U.S.C. §1331 and makes the State Court Action removable to this court under 28 U.S.C. §1441(a) and (b).  In addition, this court has jurisdiction over

1   the supplemental state law claims under 28 U.S.C. §1441(c).

2       6.    As required by 28 U.S.C. §1446(b), this Notice is timely filed

3   within thirty days of service of process of the State Court Action, which

4   occurred on or about June 5, 2009.  Plaintiff has not served the Complaint upon

5   the other named defendant, Wisdom Financial Services, Inc., so no joinder by

6   that defendant is required.  No joinder of any other defendant is required where

7   no other defendant has been served in the State Court Action.  *Salveson v.*

8   *Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).  Thus,

9   removal is timely under 28 U.S.C. §1446(b).

10       7.    Pursuant to 28 U.S.C. §1446(a), Wachovia files this Notice in the

11   District Court of the United States for the district in which the State Court

12   Action is pending, and in the Division of the District Court as provided by Local

13   Rule.

14       8.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its

15   attachments will promptly be served on counsel for plaintiff in the State Court

16   Action and notice thereof will be filed with the clerk of the Superior Court of

17   California for the County of Los Angeles.

18       WHEREFORE, Wachovia hereby removes the case from the Superior

19   Court of California for the County of Los Angeles to the United States District

20   Court for the Central District of California.

21   Dated: June *19*, 2009

    ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP

22

23

24   By: _____
    Christopher A. Carr

25       ccarr@afrct.com
    Attorneys for Defendant

26       WORLD SAVINGS BANK, FSB, renamed
    and now known as WACHOVIA

27       MORTGAGE, FSB, erroneously named
    and sued as WACHOVIA

28       MORTGAGE CORPORATION

1   Stephen P. Collette (SB# 186439)
    John Haubrich, Jr. (SB# 228341)
2   STEPHEN P. COLLETTE & ASSOCIATES
    811 Wilshire Blvd., Suite 1200
3   Los Angeles, CA 90017
    Telephone: (213) 542-8272
4   Facsimile: (562) 684-4531
5
  Attorneys for Plaintiff SHANNON CHLARSON
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

7         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             FOR THE COUNTY OF LOS ANGELES

9   SHANNON CHLARSON, an individual,   )   CASE NO.:   **BC412269**
                           )
10                           )   **COMPLAINT FOR:**
                           )
11           Plaintiff,         )   **(1) RESCISSION PURSUANT TO**
                           )   **THE FEDERAL TRUTH IN**
12     vs.                   )   **LENDING ACT [15 U.S.C. § 1601**
                           )   **AND REGULATION Z, 12 C.F.R.**
13   WACHOVIA MORTGAGE CORPORATION, )   **§226]; AND,**
    a North Carolina Corporation; WISDOM   )
14   FINANCIAL SERVICES, INC., a Nevada  )   **(2) UNLAWFUL AND UNFAIR**
    Corporation and DOES 1 through 50, inclusive,)       **BUSINESS PRACTICES [CAL**
15                            )   **BUS. AND PROF. CODE §17200].**
         Defendants.       )
16                            )
17

RECEIVED

JUN 05 2009

LEGAL DIVISION

18
19   Plaintiff SHANNON CHLARSON alleges as follows:

20   **I.**     **PARTIES**

        1. Plaintiff SHANNON CHLARSON (hereinafter "Plaintiff" and/or "Ms. Chlarson") is,
21
  and at all times relevant hereto was, an individual residing in Los Angeles County in the State of
22
  California.
23
        2. Plaintiff is informed and believes, and on that basis alleges, that Defendant
24
  WACHOVIA MORTGAGE CORPORATION, (F/K/A World Savings Bank, F.S.B.)
25
  (hereinafter "Wachovia") is, and at all times relevant hereto was, a Corporation organized and

1
**COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.**

1  existing under the laws of the State of North Carolina and licensed to do business in the State of

2  California.

3       3. Plaintiff is informed and believes, and on that basis alleges, that Defendant WISDOM

4  FINANCIAL SERVICES, INC. (hereinafter "WFS") is, and at all times relevant hereto was, a

5  Corporation organized and existing under the laws of the State of Nevada and licensed to do

6  business in the State of California.

7       4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

8  Does 1-50, inclusive, and therefore sue these defendants by these fictitious names. Plaintiff will

9  amend this Complaint to state the true names and capacities of these Doe defendants once

10 ascertained. Plaintiff is informed and believes, and on that basis allege, that each of the

11 fictitiously named defendants is in some manner responsible for the occurrences herein alleged,

12 and that Plaintiff's damages as herein alleged were proximately caused by said Doe defendants'

13 conduct.

14 **II.    BACKGROUND FACTS**

15      5. In March, 2007, Shannon Chlarson entered into a closed-end consumer credit

16 transaction wherein she refinanced the loan on her principal residence located at 3427 Canehill

17 Avenue, Long Beach, California 90808 with Defendant Wachovia. This transaction was

18 brokered by WFS.

19      6. Ms. Chlarson was initially interested in refinancing her property in order to get rid of

20 some outstanding debts and so responded to a flyer issued by WFS. After a quick initial phone

21 consultation, a representative from WFS came to Plaintiff's home. He claimed that he would get

22 her into a fixed rate loan. When Ms. Chlarson disclosed that she had good credit and a $75,000 a

23 year salary, he again assured her she would qualify for an excellent loan. The broker then went

24 over a possible payment schedule with Plaintiff, but the payment schedule only covered the

25 minimum payment of a negatively amortizing loan. Ms. Chlarson informed the broker that she

was not in a position to make the full principal and interest payments. He assured her that she

2

**COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.**

could make the minimum payments without consequence. By making the minimum payment, interest is deferred and the principal balance is increased. This loan puts borrower at a higher risk of default as negative equity is created and generated through minimum payments. For this reason, most consumers are unaware or do not fully understand the impact of the interest rate change. Ms. Chlarson is a victim of this misleading business practice.

7. There exists significant Truth in Lending violations arising from the above-referenced loan. The broker came to Plaintiff's house a final time when it was time to sign the closing documents. He showed Ms. Chlarson where to sign, but afterwards he took the documents. The broker said he had some changes that needed to be made and that he would return a copy to Plaintiff in the very near future. Plaintiff never received her copy of the loan documentation and was surprised and confused when she saw her principal balance increasing. Under the Truth In Lending Act, loans of this nature must conspicuously disclose Negative Amortization features in the Truth In Lending Act Disclosure Statement. The Truth In Lending Act also requires lenders to provide their clients with two correct completed copies of the Notice of Right to Cancel. As Plaintiff did not receive her required copy of her loan documentation, she did not receive any of the require disclosures dictated by the Truth In Lending Act. Mortgage loans with Negative Amortization or Pay Option Arm features are designed to allow lenders and mortgage brokers to deceive consumers and often results in consumers being placed in loans they cannot afford. These violations entitle Shannon Chlarson to rescind this transaction and require the lender to return all monies paid during the life of the loan.

8. Defendant Wachovia originated and serviced Plaintiff's loan with the above-referenced disclosure violations and with full knowledge that the loan was a Negative Amortization loan, the type of loan Ms. Chlarson could not afford when the loan goes into "recast." In addition, when Plaintiff sent a Qualified Written Request under Section 6 of the Real Estate Settlement Procedures Act (RESPA) on December 1, 2008, requesting copies of her loan documentation, Defendant Wachovia refused to produce any information. A true and correct

3

**COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.**

copy of Plaintiff's Qualified Written Request and Defendant Wachovia's refusal correspondence are attached hereto as Exhibits "A" and "B" respectively.

9.    On March 18, 2009, Ms. Chlarson, by and through her counsel, rescinded the transaction by sending a letter to Defendant Wachovia, U.S. Mail, postage prepaid, certified mail, informing it of their election to rescind the loan. A true and correct copy of the rescission letter is attached hereto as Exhibit "C".

10. Plaintiff now bring this action to rescind this loan pursuant to their rights under the Federal Truth in Lending Act and to address the misleading and unfair business practices of Defendants.

## III.    CLAIMS

### FIRST CAUSE OF ACTION

### (Rescission -- By Plaintiff Against All Defendants)

11. Plaintiff realleges and incorporates each allegation of paragraphs 1 through 10 above, as though fully set forth herein.

12. This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

13. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver two copies of a notice of the right to rescind that:  (a)  Identified the transaction; (b) Clearly and conspicuously disclosed the security interest in the Plaintiff's home; (c) Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction; (d) Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant Wachovia's place of business; (e) Clearly and conspicuously disclosed the effects of rescission; and,  (f)  Clearly and conspicuously disclosed the date the rescission period expired.

14. Defendant Wachovia also violated 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.19(b) by placing Plaintiff in a Negatively Amortized loan knowing it was unclear that the loan had a

4

COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.

negatively amortizing feature. If a loan's annual percentage rate has the possibility of increasing from it's initial rate and the loan is for a term of more than one year, then the Truth In Lending Disclosure Statement must include specific explanations of changes in outstanding balance and negative amortization. 12 C.F.R. § 226.19(b), and Federal Reserve Board Official Staff Commentary, [Regulation Z; Docket No. R-0863] Monday, April 3, 1995). In other words, the loan documentation for a negatively amortized loan must disclose this feature and the fact that if the borrower makes only the minimum payment that unpaid interest will be added to the balance. Plaintiff never received any of her loan documentation, including the Truth In Lending Disclosure Statement. Therefore, in violation of the Truth in Lending Act, 12 C.F.R. § 226.19(b), Defendants put Plaintiff in a loan on their principal dwelling for a term of 30 years where the annual percentage rate was guaranteed to increase and failed to adequately disclose its negative amortization feature and the fact that there could be changes to the outstanding balance. Defendant Wachovia originated the loan with full knowledge of the violations.

15. By reason of the aforesaid violations of the Truth in Lending Act and Regulation Z, Plaintiff is entitled to rescind the consumer credit transaction and receive a tender of amounts paid pursuant to the consumer credit transactions as damages. Pursuant to 15 U.S.C 1635(b) and Reg. Z §§226.15(d)(3), after Defendant Wachovia has tendered its proceeds and taken action to reflect that its interest in the security has been eliminated, Plaintiff will tender the proceeds given to her by Defendant Wachovia in accordance with applicable statutes and case law.

## SECOND CAUSE OF ACTION

### (Unlawful And Unfair Business Practices In Violation Of

### Cal Bus. And Prof. Code § 17200 – By Plaintiff Against All Defendants)

16. Plaintiff realleges and incorporates each allegation of paragraphs 1 through 15 above, as though fully set forth herein.

17. Defendant Wachovia advertised its loans as low interest loans with the intent to mislead Shannon Chlarson and other consumers. Defendant Wachovia, was aware that the loans

5

**COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.**

which they were originating contained a misleading clause designed to mislead Ms. Chlarson and other consumers, and that Defendant WFS was misleading such consumers.

18. As noted above, Defendant Wachovia and Defendant WFS placed Plaintiff in a Negatively Amortized loan knowing that it was unclear that loan had a negatively amortizing feature. This was a clear violation of the Truth In Lending Act which requires the Truth In Lending Disclosure Statement to plainly disclose that a loan may negatively amortize. (12 C.F.R. § 226.19). These violations were apparent on the face of the documentation and Defendant Wachovia originated the loan with full knowledge of the violations.

19. Therefore, by the fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of money and/or property.

20. Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendant's unfair and unlawful practices in violation of California Business & Professions Code § 17200.

21. As a proximate result of Defendant's violation of the aforementioned statute, an injunction prohibiting Defendants from engaging in the unlawful business practices described above. In addition, Plaintiff seek an order for disgorgement/restitution of all funds unlawfully obtained or that will be unlawfully obtained from Plaintiff over the life of the loan as a result of this misleading business practice.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants, and each of them (to the extent applicable), as follows:

1.    For rescission of the consumer credit transaction;

2.    For injunctive relief to stop the unlawful business practice described above;

6

COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.

3.  For disgorgement/restitution of all monies unlawfully obtained from Plaintiff pursuant to Cal. Bus & Prof Code §17203;

4.  For attorney's fees pursuant to the 15 U.S.C. § 1640; or as allowed by law and/or contract;

5.  For statutory damages based on Defendants' disclosure violations;

6.  For statutory damages based on Defendants' failure to respond properly to Plaintiff's recession notice;

7.  For costs of suit herein incurred; and,

8.  For such other and further relief as the Court may deem proper.


Respectfully submitted,


DATED:  March 30, 2009.          STEPHEN P. COLLETTE & ASSOCIATES


                      By: _____
                          STEPHEN P. COLLETTE
                          JOHN HAUBRICH, JR.
                          Attorneys for Plaintiff SHANNON
                          CHLARSON


7

**COMPLAINT FOR RECISSION AND UNFAIR BUSINESS PRACTICES.**

# EXHIBIT "A"

EQ GROUP – What's Your EQ?

December 1, 2008

Wachovia
P.O. Box 659558
San Antonio, TX. 78265

Wachovia
P.O. Box 60505
City of Industry, CA. 91716

Wachovia
P.O. Box 7512
Springfield, OH. 45501

Wachovia
2525 Corporate Place, Suite 250
Monterey Park, CA. 91754

Wachovia
Loan Service Customer Support
P.O. Box 659558
San Antonio, TX. 78265

Wachovia
P.O. Box 563966
Charlotte, NC. 28256-3966
NA Correspondence Team

RE: *Shannon Chlarson*
Loan No.: 45390515
Property Address:  3427 Canehill Ave, Long Beach CA 90808

Dear Sir or Madam:

Our office represents Shannon Chlarson regarding the above-referenced loan.  An authorization to represent is attached hereto as Exhibit "A."

This letter serves as a "Qualified Written Request" under Section 6 of the Real Estate Settlement Procedures Act (RESPA).  On behalf of our clients, we hereby request the following information:

(1)    Copies of all documents pertaining to the origination of the above referenced mortgage loan.  These documents should include, but are not limited to:

- The loan application(s) (initial loan application, any subsequently modified applications and final signed application);
- The Notice of Right to Cancel (if required);
- A copy of the recorded Deed of Trust (including any riders to the Deed of Trust incorporated by reference);
- The note and all addenda to the note incorporated by reference;
- Any and all Truth in Lending Disclosure Statements (including all corrections made to both initial and final Truth in Lending Disclosure Statements);
- The signed Itemization of Amount Financed;

· 811 Wilshire Blvd, Suite 1200, Los Angeles CA 90017 · (213) 542-8262 Phone · (866) 730-6890 Facsimile ·

- The Good Faith Estimate(s) (please include the initial Good Faith Estimate, subsequent re-disclosure Good Faith Estimates and the Final Good Faith Estimate, as well as any appropriate State required fee estimate disclosure forms);
- The Estimated Closing Statement (HUD-1) provided with the closing package;
- The Final Closing Statement (HUD-1);
- Any appraisals (provide complete appraisal(s) and accompanying invoice);
- Any and all required state and federal disclosures provided by the Broker and/or Lender (please include the initial disclosure package, proof of delivery within 3 days of application, the written lender policy regarding what it considers an application for credit effective at the time of this particular credit application, subsequent disclosures required due to any substantive changes to loan program, term, rates and fees);
- Escrow Instructions and any amendments, additional instructions relating to disbursement of proceeds to third parties and commission disbursement instructions;
- Preliminary Title Report with all applicable supplements for additional items on schedule B not shown as paid on the Final HUD-1;
- Purchase Contract with any and all applicable addenda and Counter Offers;
- The complete underwriting file (provide all documents related to income, asset, credit reporting, etc. in addition to any and all verification forms, worksheets, explanation letters, supplements, etc. completed by the Borrower, Broker and/or Lender);
- Lender's disbursement records including written lender's instructions to the closing agent and any subsequent corrections
- All correspondence made/received (please included letters, emails, faxes, etc.);
- Broker and/or Lender written rate lock policy in effect at time of rate lock;
- Rate sheet(s) associated with this transaction;
- Any other documents you have which relate to the original mortgage loan transaction, and;

(2) A copy of the loan servicing history including all payments made, all fees incurred, amounts paid out of the escrow account, and how payments were applied. This information should cover the entire life of the loan.

(3) In Addition to the items requested above, EQ Group, Inc. is specifically requesting the following information for each mortgage loan transaction listed in the instant correspondence:

2

- Deal name of the securitization loan is pledged as collateral to;
- CUSIP of the security;
- Trustee name and contact information of the security to copy aforementioned QWR letter;
- Legal counsel contact information for notification of material breaches of representations and warranties pertaining to applicable state and federal consumer protection laws and statutes;
- Names and contact information for end investors potentially affected by litigation more specifically set forth in this instant QWR letter.

Please provide legible copies of all of the requested documents in their entirety.

Thank you for your attention to this matter.

Best Regards,

Jordan Martin
Director of Lender Relations
EQ Group, Inc.

3

# EXHIBIT

# "A"



## Authorization to Represent

Date: __11/12/08__

Lender Name and Address: __Wachovia Mortgage__

__1525 W. W.T. Harris Blvd__

__Charlotte, NC 28288__

2nd / 3rd lender name and address (if necessary) _____

_____

_____

Borrower Information: __Shannon A. Chlarson__

__3427 Canehill Ave__

__Long Beach, CA 90808__

Borrower Social Security No.: __566 - 19 - 9887__

Borrower Information: _____

_____

_____

_____

2nd / 3rd property address (if necessary)_____

_____

_____

Borrower Social Security No.: _____

Loan No.: __45390515__

Loan No.: _____

Loan No.: _____

Dear Sir or Madam:

I hereby authorize: Stephen P. Collette and Jordan Martin of EQ GROUP, INC. to represent me and negotiate on my behalf regarding all matters relating to the loan numbers identified above. I also authorize you to release to them any and all information regarding said loans. Specifically, please provide EQ Group, Inc., with all the required documents listed in paragraphs (1) and (2) of the accompanying "Qualified Written Request" under Section 6 of the Real Estate Settlement Procedures Act (RESPA).

_Shannon Chlarson_ 11-24-08 _____  _____
Borrower          Date              Borrower          Date

811 Wilshire Blvd., Suite 1200, Los Angeles, CA 90017

(#3)    PAGE 2 OF 7

# EXHIBIT "B"





December 11, 2008

EQ Group
898 N Fair Oaks Avenue, Suite E
Pasadena, CA 91103

RE: Shannon Chlarson - #45390515

Wachovia Mortgage, FSB ("Wachovia") is in receipt of a request regarding the above reference real estate loan number. Please accept this letter as our formal response to your concerns.

It is unclear whether you are attempting to modify the loan or ask a specific servicing question. While you have designated a portion of the correspondence as a "qualified written request", under the real estate Settlement and Procedures Act, your request is more in the vein of a discovery request. Section 35100.21(e)(2) of the Act is intended to provide a borrower a method of challenging a **specific** error. If you believe you have a dispute over some particular facet of the servicing of the loan, you may request that Wachovia explain, provided you are able to give a reason why you believe an error was made.

Wachovia appreciates the opportunity to address any concerns that you may have regarding the servicing of this loan. It is unclear whether you are attempting to request a modification of the original terms or ask a specific servicing question. Please provide us with additional information and documentation so that we can more adequately respond to your request.

If this loan is delinquent please contact the Loan Counseling Department directly at 1-800-282-3451 for further assistance or you may contact the Customer Service Department at 1-800-642-0257. Our specialists are available to assist you Monday through Friday, 8AM to 8PM, or Saturdays from 8AM to 5PM, Central Time.

Thank you for giving us an opportunity to respond.

Sincerely,


Loan Service Research Department

# EXHIBIT "C"

# STEPHEN P. COLLETTE & ASSOCIATES
## LAW FIRM

March 18, 2009

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

**Wachovia Mortgage, FSB**
1525 West WT Harris Blvd.
Mailcode NC-0344
Charlotte, NC 28288

**Wachovia Corp.**
301 S. College St., Ste. 4000
Charlotte, NC 28288-0013

RE:  *Wachovia Bank, FSB. No.: 45390515*
*Property Address:* 3427 Canehill Avenue, Long Beach, CA 90808
*Borrower: Shannon Chlarson*

Dear Sir or Madam:

By this official notice, Shannon Chlarson informs you of her election to rescind the above-referenced loan.

In March, 2007, Ms. Chlarson entered into the above-referenced loan transaction. No loan documentation was provided to our client. As a result, she was not given a Truth In Lending Disclosure Statement nor two copies of the Notice of Right to Cancel.

For this reason, our client's right to cancel extends for three years. *See* 15 U.S.C. 1635(f); *Semar v. Platte Valley Federal Savings & Loan Association* (9th Cir. 1986) 791 F.2d 699. Therefore, Ms. Chlarson hereby exercise her rescission rights pursuant to the Federal Truth in Lending Act, Regulation Z §226.23. Therefore, this notice is timely given.

In addition, our client reserve their right to raise different or alternative grounds for rescission under state or federal law.

Please contact me to make arrangements to fulfill your tender obligations.

Sincerely,

Stephen P. Collette

SPC/TLG

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WACHOVIA MORTGAGE CORPORATION, a North Carolina
Corporation; WISDOM FINANCIAL SERVICES, INC., a Nevada
Corporation and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHANNON CHLARSON, an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC412269 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen P. Collette, John Haubrich, Jr., Stephen P. Collette & Associates
811 Wilshire Blvd., Suite 1200, Los Angeles, CA 90017    213-542-8272

| DATE: APR 22 2009<br>*(Fecha)* | Clerk, by _____ John A. Clarke, Deputy<br>*(Secretario)* _____ *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

RECEIVED
JUN 05 2009
CIVIL DIVISION

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wachovia Mortgage Corp.

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Stephen P. Collette, John Haubrich, Jr.
Stephen P. Collette & Associates.
811 Wilshire Blvd., Suite 1200, Los Angeles, CA 90017
TELEPHONE NO.: 213-542-8272   FAX NO.: 562-684-4531
ATTORNEY FOR (Name): Shannon Chlarson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Chlarson v. Wachovia, et al.

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | BC412269 |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
✓ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3/30/09

Stephen P. Collette
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Chlarson v. Wachovia, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 3    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br><br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br><br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>        assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)                    **CIVIL CASE COVER SHEET ADDENDUM**                    LASC, rule 2.0
LASC Approved 03-04                        **AND STATEMENT OF LOCATION**                          Page 1 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Chlarson v. Wachovia, et al. | | |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*Left margin vertical labels: Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property — Unlawful Detainer — Judicial Review*

LACIV 109 (Rev. 01/07)                    **CIVIL CASE COVER SHEET ADDENDUM**                    LASC, rule 2.0<br>
LASC Approved 03-04                        **AND STATEMENT OF LOCATION**                          Page 2 of 4

| SHORT TITLE: Chlarson v. Wachovia, et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)          **CIVIL CASE COVER SHEET ADDENDUM**          LASC, rule 2.0
LASC Approved 03-04                **AND STATEMENT OF LOCATION**                Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Chlarson v. Wachovia, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | Wachovia<br>135 N GRAND AVE. |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 03/30/09

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Exhibit B to Notice of Removal
Page 26

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**
Case Number _____

BC417269

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** | |
| Hon. Ann I. Jones | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*****Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                      By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/09)                    **NOTICE OF CASE ASSIGNMENT –**                    Page 1 of 2
LASC Approved 05-06                            **UNLIMITED CIVIL CASE**

Exhibit B to Notice of Removal
Page 27



*from the*
## LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

## *Your case may be eligible for the court's pilot Neutral Evaluation (NE) program.*

- **NE can reduce litigation time and costs and promote settlement.**

- NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **NE is voluntary and confidential.**

- The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

REV. 06/27/07

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May **Not** Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May **Not** Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May **Not** Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Pay Panel** | The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Pro Bono Panel** | The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

> DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

### What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

### Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

### How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not… |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### Legal Advice/Information

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

---

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____


| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Short Title

Case Number

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 2 of 2

Exhibit B to Notice of Removal
Page 34

NOTICE SENT TO:

Collette, Stephen P.
Stephen P. Collette & Associates
811 Wilshire Blvd., Suite 1200
Los Angeles         CA   90017

**FILED**
LOS ANGELES SUPERIOR COURT
FILE STAMP

MAY 0 1 2009

JOHN A. CLARKE, CLERK

BY MARISOL LOMELI, DEPUTY

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| SHANNON CHLARSON | CASE NUMBER |
| Plaintiff(s), | BC412269 |
| VS. | |
| WACHOVIA MORTGAGE CORPORATION ET AL | **NOTICE OF CASE** |
| Defendant(s). | **MANAGEMENT CONFERENCE** |

---

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 28, 2009 at 8:30 am in Dept. 49 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: May 1, 2009

Judicial Officer    CONRAD RICHARD ARAGON

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: May 1, 2009

John A. Clarke, Executive Officer/Clerk

by _____ Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below I served a copy of the following document described as: **NOTICE OF REMOVAL BY DEFENDANT WORLD SAVINGS BANK, FSB, RENAMED AND NOW KNOWN AS WACHOVIA MORTGAGE, FSB, (ERRONEOUSLY NAMED IN COMPLAINT AS WACHOVIA MORTGAGE CORPORATION)** on all interested parties in said case addressed as follows:

Served Electronically via Court's CM/ECF System:
(Names of Parties Here)

**Served by Other Means:**

Stephen P. Collette
John Haubrich, Jr.
Stephen P. Collette & Associates
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017

☒ **BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on June 22, 2009.

| Dorothy Pandy | |
|---|---|
| (Print name) | (Signature) |

J:\Docs\UN375\Notice of Removal Chlarson-169691.doc

CERTIFICATE OF SERVICE FOR
NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 4480 GAF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.