Stephen P. Collette (SB# 186439)
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone:  (213) 542-8272
Facsimile: (562) 684-4531

Attorney for Plaintiff SHANNON CHLARSON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON CHLARSON, an individual, | CASE NO.:  CV 09-4480 (GAF) (PJWx) |
| | [The Hon. Gary A. Feess] |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.** |
| WACHOVIA MORTGAGE CORPORATION, a  North Carolina Corporation; WISDOM FINANCIAL SERVICES, INC., a Nevada Corporation and DOES 1 through 50, inclusive, | |
| | Date October 19, 2009 |
| | Time: 9:30 A.M. |
| | Ctrm: 740 |
| Defendants. | Trial Date: Not set**.** |

Plaintiff SHANNON CHLARSON (hereinafter "Plaintiff" and/or "Ms. Johnson") hereby respectfully submits this Opposition to Defendant's Wachovia Mortgage, FSB's (hereinafter "Wachovia") Motion to Dismiss Plaintiff's First Amended Complaint.

# TABLE OF CONTENTS

**I. INTRODUCTION**………………………………………..…………….…....2

**II. LEGAL ARGUMENT**………………………………………….…..……..4

    A.      Standard on a Motion to Dismiss…………………………………4

    B.      Plaintiff's Has Stated a Valid Cause of Action
           for Rescission Under the Federal Truth In Lending Act……..……5

    C.      Defendant's Contention that Plaintiff Acknowledged
           Receipt of a Notice of Right To Cancel Is Without
           Merit, As Plaintiff Was Not Given A Copy of the
           Right to Cancel Upon the Closing of the Loan. ……..………........6

    D.      Defendant's Contention that Plaintiffs were Provided
           with Other Disclosures that Allegedly Revealed the
           Subject Loan's Negative Amortization Feature are
           Inapplicable Because the Truth In Lending Disclosure
           Statement is Silent…..………………………………..……7

    E.      Under the Federal Truth In Lending Act, Plaintiff
           is Not Required To Tender the Total Amount of
           Indebtedness to Proceed With An Action for
           Rescission.………………………………………………8

    F.      Plaintiff is Not Seeking Damages Under TILA
           With The Exception of Statutory Damages for
           Defendant's Failure to Timely Respond to
           Plaintiff's Rescission Request…………..……..…………..…..10

    G.      Plaintiff's Original Complaint Does Not
           Admit Plaintiff Sought Deferred Interest Financing……………...11

H.  Defendant's Contentions That Plaintiff's Claim For
    Unfair Business Practices Was Not Plead with
    Particularity and that its Claims are Based on
    Vicarious Liability are Unfounded………………….………....11

I.  Defendant's Contention That Plaintiff's
    Claim for Unfair Business Practices is Preempted
    is Unsupported……………………………………………………13

J.  Plaintiff Has Standing Under the UCL As She
    Has Been Injured In Fact…………………………………………15

K.  In the Event the Court Finds Plaintiff's Allegations
    Lacking, Plaintiff Hereby Requests Leave to
    Amend Their Complaint…………………………………………15

III. CONCLUSION………………………………..……………………..……....16

2

**TABLE OF CONTENTS**

# TABLE OF AUTHORITIES

## CALIFORNIA STATE CASES:

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
20 Cal.4th 163 (1999) …………...…………………………………………10, 11

*Fiol v. Doellstedt,*
50 Cal. App. 4th 1318 (1996)……………………………………………..12

*Gibson v. World Savings & Loan Assn.,*
103 Cal.App.4th 1291 (2002) …...…………………………………...…12

## FEDERAL CASES:

*Allen v. City of Beverly Hills*
911 F.2d 367…………………………………………………………15

*Avila v. Stearns Lending, Inc.,*
2008 U.S. Dist. Lexis 31813……………………...…………………….…8

*Bank v. Pitt,*
(11th Cir. 1991) 928 F.2d 1108……………………………………...16

*Bennet v. Schmidt,*
153 F.3d 516……………………………………………………...…4

*Cahill v. Liberty Mut. Ins. Co.,*
(9th Cir. 1996) 80 F.3d 336…………………………………………...4

*Conley v. Gibson,*
(1957) 355 U.S. 41……………………………………………………4

*Eveland v. Star Bank, NA*
(S.D. Ohio 1997) 976 F. Supp. 721……………………………………6

*Huff v. Stewart-Gwinn Furniture Co.,*
(4th Cir. 1983) 713 F.2d 67……………………………………………6

**TABLE OF CONTENTS**

*Mars v. Spartanburg Chrysler Plymouth, Inc.,*
(4th Cir. 1983) 713 F.2d 65……………………………………………………...5

*Navarro v. Block*,
(9th Cir. 2001) 250 F.3d 729…………………………………………………...4

*Parrino v. FHP, Inc.,*
(9th Cir. 1998) 146 F.3d 699…………………………………………………...4

*Placencia v. Lending 1st Mortgage, et al.*,
(2008) 583 F. Supp. 2d 1090…………………………………………………...12

*Roberts v. Corrothers*,
(9th Cir. 1987) 812 F.2d 1173…………………………………………………...4

*Robertson v. Dean Witter Reynolds, Inc.,*
(9th Cir. 1984) 749 F.2d 530…………………………………………………...4

*Sterten v. Option One Mortg. Corp.,*
(2006) 352 B.R. 380…………………………………………………………...9

*Williams*
208 U.S. Dist. 131…………………………………………………………...7

*Yamamoto v. Bank of New York*
(9th Cir. 2003) 329 F.3d 1167…………………………………………………...7

**TABLE OF CONTENTS**

## STATUTES:

California Business & Professions Code §17200………………………………11, 12

California Business & Professions Code §17204………..…………………………..15

Federal Rules of Civil Procedure 12(b)(6)……………………………………..……..4

Federal Rules of Civil Procedure 15(a)……………………………………………...15

12 C.F.R. §226.19……………………………………………………………………..8

12 C.F.R. §560.2(a)…………………………………………………………………...13

12 C.F.R. §560.2(c)…………………………………………………………………...14

15 U.S.C. §1601(a)……………………………………………………………………..7

15 U.S.C. §1635(a)…………………………………...………………………………..5, 7

15 U.S.C. §1635(b)…………………………………...…………..……………....…..8, 9, 10

15 U.S.C. §1635(f)…………………………………………………………………....5

15 U.S.C. §1640(e)…………………………………………………………………..10

## TREATISES:

*Federal Reserve Board Official Staff Commentary,*
[Regulation Z; Docket No. R-0863]……………………………………..…...8

**TABLE OF CONTENTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its motion, Defendant moves the Court to dismiss Plaintiff's claim for rescission based on its argument that Plaintiff cannot rescind under the relevant authorities. The underlying purpose of the Federal Truth in Lending Act is to protect consumers from transactions in which their rights and obligations are not properly disclosed.  If the Court were to follow Defendant's reasoning, the Court would be reading into the statute an implicit basis for terminating consumers' remedies that would only benefit lenders, at the expense of borrowers.  Such a result is not supported by the relevant authorities.

Defendant cannot escape the fact that Plaintiff was not given a proper Notice of Right to Cancel, nor a Truth In Lending Disclosure Statement, in direct contravention of the Federal Truth in Lending Act.  Although Defendant attempts to curtail these issues by submitting an executed right to cancel and circuitous arguments about other disclosures that Plaintiff allegedly should have understood, Defendant cannot (and does not) explain the fact that Plaintiff was not given proper disclosures regarding her right to cancel the transaction, nor the fact that the disclosure statement does not contained the requisite disclosures.  These simple facts alone entitle Plaintiff to rescind the loan under 15 U.S.C. §1603 and requires the Motion to Dismiss be denied.

Moreover, Defendant's argument that Plaintiff cannot prevail because Plaintiff has not tendered the amount in default shows a fundamental misunderstanding of the way in which the recession process works under the Federal Truth in Lending Act and Regulation Z.  As will be more fully explained below, the procedure for rescission under the Federal Truth in Lending Act does

2

not operate in the way Defendant proffers to the Court that it should.  In fact, Defendant is required to return all money or property given to anyone in connection with the loan and take action necessary to reflect the termination of the security interest, which Defendant has yet to do.  Plaintiff is not required to tender back to the creditor any money or property received until after Defendant has fulfilled its obligations.  Though the Court does have the power to change the order of tender, this power is equitable and does not necessarily require the entire amount be tendered all at once. Many courts have allowed modified tender procedures which allow borrowers to tender over a period of time. Defendant's arguments to the contrary are thus without merit.

Defendant's assertion that Plaintiff's Unfair Business Practices claim is not plead with particularity and is based on vicarious liability is unwarranted.  In support of its assertion, Defendant asks the Court to hold Plaintiff to a heightened pleading standard.  Plaintiff has pled the requisite allegations and will prove, after sufficient discovery. As set forth below, Plaintiff's claim is very specific as to the wrong doing of Defendant and her claim is not based on vicariously liability but on Defendant's aiding and abetting the named violations.

Finally, Defendant alleges that Plaintiff's UCL claim is preempted by TILA. However, Plaintiff's UCL claim is not predicated on TILA and therefore is not preempted by it either.

Based on the foregoing, Plaintiff has adequately stated causes of action for Rescission under the Truth in Lending Act and for Unfair Competition under §17200. Defendant's Motion to Dismiss must be overruled in its entirety.

///

///

3

## II. LEGAL ANALYSIS

### A.   <u>Standard on a Motion to Dismiss.</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters to which the Court takes judicial notice. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998);

A plaintiff is not required to prove evidentiary facts and/or set forth all of the acts of the alleged wrongdoing.  "A complaint is not required to allege all, or any of the facts entailed by the claim." *Bennet v. Schmidt*, 153 F.3d 516, 518.

PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.
.

**B.**     **Plaintiff's Has Stated a Valid Cause of Action for Rescission Under the Federal Truth In Lending Act.**

15 U.S.C. §1635(a) provides, in pertinent part:

> "(a) Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title [15 USCS §§ 1601 et seq.], whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. ***The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.*** The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section."
> (Emphasis Added).

If the lender fails to provide a borrower with two correct copies of the Notice of Right to Cancel and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. § 1635(f).  "To insure that the consumer is protected . . . [TILA and Reg Z must] be absolutely complied with and strictly enforced." *Mars v. Spartanburg Chrysler Plymouth, Inc.,* 713 F.2d 65, 67 (4th Cir. 1983) (holding

5

**PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**
.

that a technical violation, even if merely a "minor variation in language and type size" from TILA requirements, imposes liability); *see also Huff v. Stewart-Gwinn Furniture Co.,* 713 F.2d 67, 69 (4th Cir. 1983) (minor violations of TILA and Reg Z impose liability even if, as creditor alleged, consumer "was not misled and was given a meaningful and correct disclosure of crucial credit terms").

Here, Plaintiff entered into a closed-ended consumer credit transaction by refinancing the loan on her principal residence.  (FAC, ¶5).  As set forth in the Complaint, Plaintiff was not given two copies of a Notice of Right to Cancel. (Comp., ¶7). This fact alone gives Plaintiff three years to rescind the consumer credit transaction and thus Plaintiff has adequately pled a cause of action for rescission under TILA.

**C.** **Defendant's Contention that Plaintiff Acknowledged Receipt of a Notice of Right To Cancel Is Without Merit, As Plaintiff Was Not Given A Copy of the Right to Cancel Upon the Closing of the Loan.**

Defendant proffers a Notice of Right to Cancel allegedly signed by Plaintiff. (RJN, Ex. B).  However, Defendant proffers no explanation as to why Plaintiff does not have in her possession a Notice of Right to Cancel as alleged in the First Amended Complaint.

Whether a plaintiff received mandated disclosure information under the Truth in Lending Act (such as a properly executed Notice of Right to Cancel) is frequently a disputed question of fact which precludes summary judgment. *Eveland v. Star Bank, NA*, 976 F. Supp. 721, 726 (S.D. Ohio 1997).

More importantly, the Federal Truth in Lending Act is a disclosure statute which was enacted to guarantee the accurate and meaningful disclosure of the costs

of consumer credit.  15 U.S.C. §1601(a).  Therefore, the key action is that the disclosure actually be given to a consumer when entering into a transaction, not the documents the lender has in its possession.  Based on the fact that Plaintiff was given inadequate disclosures that did not place her on proper notice of her rights, both the letter and spirit of TILA were not complied with and an order setting a preliminary injunction is proper under the circumstances.

At a minimum, there exists a disputed issue a material fact here as to whether Ms. Chlarson was provided with a properly executed Right to Cancel as required by 15 U.S.C. 1635(a).  As a disputed issue of material fact (which even precludes summary judgment), dismissing the cause of action would not be appropriate pending a resolution of this disputed issue of fact.  Defendant has produced no evidence to refute the fact that Plaintiff does not have possession of a Notice of Right to Cancel.  Given that Defendant has not produced this evidence, dismissing this cause of action is inappropriate.

**D.** **Defendant's Contention that Plaintiffs were Provided with Other Disclosures that Allegedly Revealed the Subject Loan's Negative Amortization Feature are Inapplicable Because the Truth In Lending Disclosure Statement is Silent.**

To support its assertion that Plaintiff was properly informed as to the negative amortization feature of her loan, Defendant states that Plaintiff signed an acknowledgement of receipt of proper documentation and an Deferred Interest Acknowledgment. (MTD, 3:1-11). However, none of these statements refute Plaintiff's claim that the Truth In Lending Disclosure statement failed to disclose to Plaintiff that negative amortization could occur.

The Truth In Lending Disclosure Statement must include specific explanations of changes in outstanding balance and negative amortization. 12 C.F.R. § 226.19, and *Federal Reserve Board Official Staff Commentary*, [Regulation Z; Docket No. R-0863] Monday, April 3, 1995).

The Truth In Lending Disclosure Statement provided to Plaintiff did not provide the proper disclosures. The above-cited regulations and commentary make clear that said disclosures are to be given in the Truth in Lending Disclosure Statement and not in other separate documents.  Given that Defendant has produced no evidence showing why Plaintiff's Truth In Lending Disclosure Statement did not disclose the possibility of negative amortization, Defendant's Motion to Dismiss regarding this issue must be denied

### E.   Under the Federal Truth In Lending Act, Plaintiff is Not Required To Tender the Total Amount of Indebtedness to Proceed With An Action for Rescission.

In its Motion to Dismiss, Defendant contends that "[f]ull tender of the underlying indebtedness is required to obtain relief in the form of a loan rescission." (MTD, 5:8-9).  In making this argument, Defendant has effectively ignored the procedure for rescission under Truth in Lending Act in an attempt to cut off his action for rescission.

15 U.S.C. 1635(b) provides the next step in the rescission process after a borrower has sent a recession notice to the lender.

> (b) Return of money or property following rescission. When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. *Within 20 days*

**PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**
.

> *after receipt of a notice of rescission*, the creditor shall
> return to the obligor any money or property given as
> earnest money, down payment, or otherwise, and shall
> take any action necessary or appropriate to reflect the
> termination of any security interest created under the
> transaction. (emphasis added)

Only after the creditor has complied with the mandate to return the borrower's property is the consumer required to tender back to the creditor any money or property. *See* 15 U.S.C. 1635(b) ("*[u]pon the performance of the creditor's obligations under this section*, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value." (emphasis added)).

Defendant cites *Yamamoto v. Bank of New York*, in support of its contention that the 9th Circuit has explicitly conditioned rescission under the Truth In Lending Act on rescission is inaccurate. 329 F.3d 1167 (9th Cir. 2003). However, the true holding of this case is that the decision to require tender, "lies in within the court's equitable discretion, *taking into consideration all circumstances including the nature of violations* and the borrower's ability to repay the proceeds." (emphasis added) *Id*.

At this juncture, there is no evidence that Plaintiff would be unable to tender and the determination of Plaintiff's ability to perform is an inquiry that is best left to the discovery process to unveil. *Williams*, 2008 U.S. Dist. Lexis 131, 20-21. Many different courts have held that full and immediate tender is not a requirement of TILA rescission. See *Williams*, 2008 U.S. Dist. Lexis 131; *Avila v. Stearns Lending, Inc.*, 2008 U.S. Dist. Lexis 31813; *Sterten v. Option One Mortg. Corp.* (In re Sterten), 352 B.R. 380, 388 (2006). Furthermore, contrary to Defendant's

**PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**
.

assertions to the Court, Plaintiff has alleged that she will, and has the ability to, tender in the body of her First Amended Complaint.  (FAC, ¶ 16).

Plaintiff sent a valid rescission notice to Defendant Wachovia on March 18, 2009 informing Defendant Wachovia of her intent to rescind the loan and requesting that Defendant Wachovia contact her attorney to fulfill its tender obligations.  To date, no response has been received by counsel for Plaintiff in response to this letter.  Based on the fact that Defendant has yet to proceed with the first step of the rescission process as required by 15 U.S.C. 1635(b), Defendant's contention that Plaintiff is required to ignore the prescribed procedure for rescission is absurd. Based on the foregoing, Defendant's arguments that Plaintiff's lack the standing for rescission is unsupported by the current statutes concerning the proper procedure for rescission under 15 U.S.C. 1635(b).

## F. Plaintiff is Not Seeking Damages Under TILA With The Exception of Statutory Damages for Defendant's Failure to Timely Respond to Plaintiff's Rescission Request.

In its Motion to Dismiss, Defendant argues to the Court that Plaintiff's damage claim is time-barred under the applicable statute of limitations.  A claim for damages under TILA must be brought within one year of the violation.  15 U.S.C. § 1640(e). Plaintiff's First Amended Complaint is quite clear that Plaintiff only seeks damages for failure to respond to Plaintiff's Request for Rescission.  A proper and timely letter requesting rescission was sent to Defendant on March 18, 2009. (FAC ¶ 9; FAC Exh. "C"). Defendant never responded to said letter.  As the letter was sent within the one year statute of limitations, damages for failure to respond are proper. Therefore, Defendant's arguments regarding damages under TILA can be ignored by the Court.

### G.   Plaintiff's Original Complaint Does Not Admit Plaintiff Sought Deferred Interest Financing.

Defendant claims that Plaintiff has admitted to seeking a negatively amortized loan. In its Motion to Dismiss, Defendant states, "[w]here a borrower such as plaintiff expresses an inability to make full principal and interest payments, the only option available would be a deferred interest loan." (MTD 4:25-27). This statement is patently untrue. Defendant's statement would lead one to the conclusion that the only two types of loans available on the market are negatively amortized loans and full principal and interest loans.  However, there exists many different types of loans with a wide variety of forms and functions.  For example, an interest only loan would not negatively amortize, nor would it be a full principal and interest loan. Therefore, Plaintiff did not admit to seeking a deferred interest loan.

### H.   Defendant's Contentions That Plaintiff's Claim For Unfair Business Practices Was Not Plead with Particularity and that its Claims are Based on Vicarious Liability are Unfounded.

Defendant goes to great lengths to attempt to discredit Plaintiff's claim for unfair lending practices, actionable under Cal. Bus. & Prof. Code §17200. However, despite the fact that Defendants are mistaken regarding the viability of Plaintiff's claim under §17200, Defendant's contentions are inapplicable to the issue at the heart of Plaintiff's request for injunctive relief.

Business and Professions Code Section 17200, *et seq*. prohibits unfair competition, including unlawful, unfair, and fraudulent business acts. The UCL covers a wide range of conduct. It embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech*

PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.
.

*Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180, 83 Cal. Rptr. 2d 548, "Section 17200 borrows violations from other laws by making them independently actionable as unfair competitive practices." *Cel-Tech, supra*, 20 Cal.4th at p. 180.

Defendant also argues that they cannot be held liable under the UCL because the statute does not impose vicarious liability. While Defendants are correct that claims under §17200 on impose liability for a party's 'personal participation in the unlawful practices' it is sufficient that the defendant aided and abetted the principal violator. *Placencia v. Lending 1st Mortgage, et al.*, (2008) 583 F. Supp. 2d 1090, 1098. A defendant "aids and abets the commission of an intentional tort if the person . . . knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325, 58 Cal. Rptr. 2d 308 (1996).

Despite Defendant's assertions to the contrary, Plaintiff has pled the requisite allegations to sustain a cause of action under Cal. Bus. & Prof. Code §17200. Specifically, Plaintiff has pled that numerous fraudulent and illegal practices by advertising and fraudulently misrepresenting the true terms of its loans. (FAC, ¶19-21). In regards to Defendant, Plaintiff has alleged that Defendant was aware of the misleading and fraudulent practice and was purchasing and servicing the loans fully aware that the loans were predatory and fraudulent. (FAC, ¶5, 18)

Through discovery, Plaintiff intends to gather evidence of Defendant's underwriting requirements and how they led to Plaintiff being fraudulently induced to enter into the loan transaction that she entered into.

**PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**
.

Plaintiff has pled their UCL claim with the requisite particularity and did not base Defendant's liability on vicarious liability, but rather on Defendant's actions in aiding and abetting the violations. Therefore, the Motion to Dismiss should not be granted.

## I.   <u>Defendant's Contention That Plaintiff's Claim for Unfair Business Practices is Preempted is Unsupported.</u>

Defendant states that Plaintiff's UCL claims are preempted by the Home Owners Loan Act ("HOLA") because they are premised on TILA violations. However, Plaintiff's UCL claims are, in fact, premised on Defendant's fraudulent misrepresentations and actions. The UCL applies to all companies doing business in California and does not impose any specific requirements on lenders. Instead, the UCL prohibits all unlawful, deceptive or fraudulent business practices and imposes general obligations on all businesses not to assert rights under consumer contracts that the companies do not have under the law and not to deceive or defraud consumers.  HOLA preempts state laws affecting the operations of federal savings institutions "when deemed appropriate to facilitate the safe and sound operation of the federal savings associations, to enable federal savings associations to conduct their operations in accordance with the best practices of thrift institutions in the United States, or to further other purposes of HOLA." 12 C.F.R. §560.2(a).  However…

> State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:
>
> > (1) Contract and commercial law; …
> > (4) Tort law; …

(6) Any other law that [Office of Thrift Supervision (OTS)] upon review, finds:  (i) Furthers a vital state interest; and (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of in this section.

12 C.F.R. § 560.2 (c). California courts have consistently determined that UCL actions are governed by 12 C.F.R § 560.2(c) because the UCL is a general police power statute directed at commercial and contractual relationships between businesses and consumers and protecting consumers from fraud and other tortous and unfair commercial practices. *Gibson v. World Savings & Loan Assn.*, held that section 560.2 does not preempt an action under the UCL alleging that defendant fraudulently misrepresented the cost of replacement insurance. 103 Cal.App.4th 1291 (2002). That court explained "that the duties ... not  to misrepresent material facts, and ... to refrain from unfair or deceptive business practices" on which a UCL action like this one is based, "are not requirements or prohibitions of the sort that [section] 560.2 preempts." *Id*. at 1302. And that, "Any effect … on the lending activities of a federal savings association is incidental rather than material." *Id*.  In *Fenning v. Glenfed, Inc.*, the Court of Appeal also held that a UCL action based on deceptive business activities by a federal thrift was not preempted by HOLA because the UCL does not impose specific requirements on banking operations. 40 Cal.App.4th 1285 (1995).  "As the state cannot dictate to the Bank how it can or cannot operate, but it can insist that, however the Bank chooses to operate, it do so free from fraud and other deceptive business activities." *Id*. at 1299. There is no basis to distinguish the logic of these decisions from the instant case. Because UCL actions are subject to 12 C.F.R § 560.2(c), they are not preempted by HOLA unless

they have material effect on the lending operations of the savings institution and are not consistent with the purpose of paragraph (a).

Defendant has been unable to articulate any interference with its lending operations that would be caused by this UCL action.  These violations are not based on violations of the Truth In Lending Act, are instead predicated on Defendant's misrepresentations and fraudulent activity as noted in the preceding section. As Plaintiff's UCL action does not materially effect Defendant's lending activities, the claim is not preempted and Defendant's Motion to Dismiss should be denied.

**J.**     **Plaintiff Has Standing Under the UCL As She Has Been Injured In Fact.**

Defendant claims that Plaintiff does not have standing to bring an action under the UCL because she has not alleged any injury.  Under the UCL, an aggrieved person is expressly defined as one "who has suffered injury in fact and has lost money or property." Cal. Bus. & Prof. Code § 17204.  However, Plaintiff has quite clearly pled that she has been injured.  She has pled that she was placed in a loan that she could not afford has lost equity in her home. (FAC ¶ 6,8) These are cognizable injuries.  Therefore, Plaintiff has standing to bring her UCL claim and Defendant's Motion to Dismiss should be denied.

**K.**     **In the Event the Court Finds Plaintiff's Allegations Lacking, Plaintiff Hereby Requests Leave to Amend Their Complaint.**

Federal Rules of Civil Procedure Rule 15 (a) expressly states that leave to amend "shall be freely given when justice so requires."  See also  *Allen v. City of Beverly Hills* 911 F.2d 367, 373.  "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that

a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Therefore, should the Court find any of Plaintiff's allegations lacking, Plaintiff herby respectfully requests leave to amend the allegations contained therein.

## III.   **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court overrule Defendant's Motion to Dismiss.


Respectfully submitted,

DATED:  October __, 2009.          STEPHEN P. COLLETTE & ASSOCIATES


By: /s/ Stephen P. Collette         .
    STEPHEN P. COLLETTE
    Attorney for Plaintiff SHANNON
    CHLARSON

**PLAINTIFF'S OPPOSITION TO DEFENDANT WACHOVIA MORTGAGE, FSB'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**
.