LINK: 13
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**I.  INTRODUCTION**

    Plaintiff Shannon Chlarson ("Plaintiff") filed the present lawsuit on April 22, 2009 in Los Angeles Superior Court seeking damages and rescission of her home loan for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., during the loan's origination, and alleging unfair business practices in violation of California Business & Professions Code §§ 17200 et seq., based on the TILA violation.  Defendant Wachovia Mortgage, FSB ("Wachovia"), Plaintiff's lender, removed the case to this Court on June 22, 2009 and moved to dismiss her complaint. (Order re: Motion to Dismiss, Docket No. 11.)  Plaintiff did not oppose Wachovia's motion. (Id.) On August 3, 2009, the Court dismissed Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Id.) The Court also granted Plaintiff leave to amend her complaint on or before September 4, 2009, and stated that failure to amend by that date would result in dismissal with prejudice. (Id.)

    On September 4, 2009, Plaintiff filed her first amended complaint ("FAC").  Her original state complaint and this first amended complaint are virtually identical documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

Wachovia, joined by Defendant Wisdom Financial Services, Inc. ("WFS"), now moves to dismiss the first amended complaint for failure to state a claim upon which relief may be granted. Wachovia repeats, in sum and substance, the arguments from its prior motion to dismiss. The motion argues that Plaintiff's state law claim is preempted by the Home Owners' Loan Act ("HOLA") because Wachovia is a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). The motion further argues Plaintiff failed to state a claim for rescission under TILA because she signed and acknowledged receipt of all the required disclosure documents.

Because Plaintiff's right to rescind has expired, the Court **DISMISSES** Plaintiff's first claim. Because the second claim is premised upon the first, the Court **DISMISSES** the second claim also. Both claims are dismissed without leave to amend.

## II. BACKGROUND

The first amended complaint contains the following factual allegations: On February 23, 2007, Plaintiff refinanced the loan on her principal residence "in order to get rid of some outstanding debts." (FAC ¶ 6.) She responded to a flyer issued by WFS. (Id.) After a quick initial phone consultation, a loan broker from WFS came to Plaintiff's home. (Id.) Plaintiff disclosed that she had good credit and a $75,000 yearly salary. (Id.) The broker "guaranteed Plaintiff that she could secured a fixed rate loan with a very low payment." (Id.) The broker reviewed a possible payment schedule with Plaintiff which "only covered the minimum payment of a negatively amortizing loan. The concept of Negative Amortization was never discussed. [Plaintiff] informed the broker that she was not in a position to make payments higher than what he had quoted her. He assured her that she could make the minimum payments without consequence." (Id.)

When the broker came to Plaintiff's house a final time to obtain her signature on the closing documents, he took the closing documents with him after Plaintiff had executed them, explaining "there had been some small errors in the documentation that he was required to correct before Plaintiff could have a copy." (Id. ¶ 7.) The broker "promised to return a copy to Plaintiff in the very near future." (Id.) Plaintiff never "received her copy of the loan documentation and was surprised and confused when she saw her principal balance increasing." (Id.) Plaintiff alleges that because she "did not

LINK: 13
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

receive her required copy of her loan documentation, she did not receive any of the require[d] disclosures dictated by the Truth In Lending Act." (Id.)

Wachovia originated and serviced Plaintiff's loan. (Id. ¶ 8.) Plaintiff's attorneys sent a Qualified Written Request to Wachovia under the Real Estate Settlement Procedures Act on December 1, 2008, requesting copies of all documents pertaining to the origination of her loan and the loan servicing history, about two dozen documents in total. (See id.; FAC, Ex. A [Qualified Written Request].) Wachovia responded by letter dated December 11, 2008, asking for additional information about why Plaintiff requested the documents. (Id., Ex. B [Wachovia Letter].) The letter explained Wachovia was confused as to whether Plaintiff sought a loan modification or whether her attorneys were making a discovery request, and asked "[p]lease provide us with additional information and documentation so that we can more adequately respond to your request." (See id.) Plaintiff characterizes Wachovia's response as a refusal to produce any information. (Id. ¶ 8.) On March 18, 2009, Plaintiff informed Wachovia by letter from her attorneys that she was rescinding the loan. (Id. ¶ 9.)

Plaintiff alleges Defendants violated TILA and its implementing regulations by failing to disclose that her loan was a negative amortization loan. Plaintiff also alleges that Defendants committed unfair business practices in violation of California Business & Professions Code § 17200, based on the TILA violation. Plaintiff requests rescission of the loan transaction, injunctive relief from Defendants' unlawful business practices, and disgorgement or restitution of all monies unlawfully obtained from Plaintiff. She also seeks statutory damages, attorney's fees and costs.

### III. DISCUSSION

**A. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS**

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." (Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).) A court

LINK: 13
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted. (See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–61 (2007); Stoner, 502 F.3d at 1120–21; see also Cahill, 80 F.3d at 338.)

While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted).) Likewise, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).) Moreover, the Supreme Court recently clarified in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), that "only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." (129 S. Ct. at 1950.)

**B. RESCISSION & THE TRUTH IN LENDING ACT**

**1. APPLICABLE LAW**

Under TILA, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." (Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635); see also 12 C.F.R. § 226.15(a)(1)(i).) If the creditor does not supply the borrower with proper notice of the right to rescind and all required material disclosures, see 12 C.F.R. §§ 226.6, 226.15(b), the right to rescind expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." (15 U.S.C. § 1635(f); accord 12 C.F.R. § 226.15(a)(3); see also Beach, 523 U.S. at 411.)

"When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

including any finance charge." (12 C.F.R. § 226.15(d)(1); <u>see</u> 15 U.S.C. § 1635(b).) Within 20 days of receiving the notice of rescission, the creditor must return any money or property that has been given to anyone in connection with the loan transaction, including the borrower, and must "take any action necessary to reflect the termination of the security interest." (12 C.F.R. § 226.15(d)(2); <u>see</u> 15 U.S.C. § 1635(b).) The borrower may retain possession of any property given to him by the creditor until the creditor has satisfied these obligations, at which point the borrower must tender the property back to the creditor. (15 U.S.C. § 1635(b); 12 C.F.R. § 226.15(d)(3).)

   **2. APPLICATION**

   Plaintiff pleaded that she never received any of her loan documentation, including the Truth in Lending Disclosure Statement required by 12 C.F.R. § 226.19(b), and that Defendants violated TILA "by failing to deliver two copies of a notice of the right to rescind." (FAC ¶ 13-14.) Plaintiff pleaded that Defendants placed her in a negatively amortized loan "knowing it was unclear that the loan had that feature" and without disclosing that information to Plaintiff. (<u>Id.</u> ¶ 14.)

   Wachovia argues Plaintiff's rescission claim is invalid because: Plaintiff signed and acknowledged receipt of the documents she claims to have not received; she requested the negative amortization loan by which she now claims to be surprised; and she has failed to show an ability to tender her indebtedness if the Court orders rescission. Because the first argument is dispositive, the Court will not address the other two.

   **a. Request for Judicial Notice**

   Wachovia has once again asked the Court to take judicial notice pursuant to Federal Rule of Evidence 201(b)(2), and submits several documents pertaining to loan number 0045390515. (<u>See</u> Request for Judicial Notice (Docket No. 14), Exs. A–D.)

   As explained in the order dismissing Plaintiff's original complaint, and as Plaintiff notes in her opposition, taking judicial notice is unnecessary in this case. The Court is always permitted to consider evidence on which the complaint "necessarily relies" if the complaint refers to the document, the document is central to Plaintiff's claim, and no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

party questions the authenticity of the document attached to the 12(b)(6) motion. (Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff may not deliberately omit references to documents upon which her claim is based to survive a 12(b)(6) motion), superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).) The documents form the basis of Plaintiff's claim and Plaintiff has not actually disputed their authenticity. Therefore, the Court will consider the documents.

### b.  Plaintiff Signed the Documents She Claims She Did Not Receive.

The documents Wachovia presents in its Request for Judicial Notice show that Wachovia did provide Plaintiff with the required disclosures under TILA. Plaintiff seeks to rescind her loan by alleging that Defendants violated TILA and its regulations by failing to deliver the Truth in Lending Disclosure Statement and two copies of the notice of right to rescind, and by failing to disclose "that the loan had a negatively amortizing feature." (FAC ¶¶ 13–14.) Exhibits A-D to the Request for Judicial Notice contradict this claim. The first two exhibits show that Plaintiff acknowledged receipt of the Federal Truth In Lending Disclosure (Req. Jud. Not., Docket No. 14, Ex. A) and two copies of the Notice of Right to Cancel (Id., Ex. B). The third document is a Deferred Interest Acknowledgment which explained deferred interest a/k/a negative amortization and Plaintiff's payment options. (Id., Ex. C) By signing the document, Plaintiff acknowledged she read and understood the document and had been given an opportunity to discuss the deferred interest feature with a representative. (Id.) Finally, Plaintiff signed a general and independent acknowledgment in which Plaintiff admitted she received several documents including the Truth in Lending Disclosure Statement. (Id., Ex. D.)

With respect to the general and independent acknowledgment and the acknowledgment of receiving the Notice of Right to Cancel, TILA provides that such a "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." (15 U.S.C. § 1635(c).) Plaintiff has not rebutted this presumption in her opposition to Wachovia's motion to dismiss.

LINK: 13
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

    Plaintiff never disputes the authenticity of her signature on the general and independent acknowledgment (Req. Jud. Not., Ex. D).  Plaintiff's FAC alleges that the loan broker took away all of the key loan documents and disclosures. (FAC ¶ 7.)  But her opposition to the present motion admits the "fact that Plaintiff was given...disclosures," and the fact that the "Truth in Lending Disclosure Statement [was] provided to Plaintiff." (Plaintiff's Opposition to Motion to Dismiss, Docket No. 16, at 7, 8.)  Plaintiff's new argument is that she received these disclosures, but they were "inadequate." (Id. at 7.)  Plaintiff has not plausibly claimed that she did not receive the Truth in Lending Disclosure Statement and the documents described in the general and independent acknowledgment.  (Iqbal, 129 S. Ct. at 1950.)

    Plaintiff's opposition further claims that although Plaintiff received the Truth in Lending Disclosure Statement, the statement was defective because it did not *itself* specifically explain changes in the outstanding balance and negative amortization.  Plaintiff's cited authorities, 12 C.F.R. § 226.19 and (apparently) 60 Fed. Reg. 16771-01 (April 3, 1995), do not provide support for this statement.  Additionally, the Deferred Interest Acknowledgment (Req. Jud. Not., Docket No. 14, Ex. C), of which Plaintiff acknowledged receipt, explains the concept of negative amortization.

    Plaintiff states that "Defendant proffers a Notice of Right to Cancel allegedly signed by Plaintiff" but does not actually assert that the document is not authentic (Plaintiff's Opposition, Docket No. 16, at 6.).  As discussed above, in the FAC, Plaintiff claimed that all loan documents were taken away by the loan broker, but now appears to have abandoned that version of events. Furthermore, Plaintiff is a licensed California attorney who apparently represents consumer debtors. (Defendant's Supplemental Request for Judicial Notice, Docket No.18, Ex. F).  A home loan transaction is a standard type of consumer transaction, which a consumer-debtor attorney would presumably have encountered during his or her career.  There is a "possibility" that Plaintiff did not actually receive two Notices of Right to Cancel on February 23, 2007 – despite executing an acknowledgment of receipt and receiving other loan transaction disclosures on that date – but this scenario is not "plausible." (Iqbal, 129 S. Ct. at 1950.)

    TILA's right of rescission expires three days after the transaction is consummated or after the "obligor" or borrower receives the required information, rescission forms and

LINK: 13
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

statement of material disclosures, whichever occurs later.  (15 U.S.C. § 1635(a).)  Because the documents show that Plaintiff received the required information, forms and disclosures on February 23, 2007, Plaintiff's right to rescission has expired.

The Court concludes Plaintiff has failed to raise her right to relief above the speculative level and it appears beyond doubt that Plaintiff is not entitled to relief on her theory that she was not provided the necessary disclosures before she entered into her loan transaction. The Court previously granted Plaintiff leave to amend her complaint and assert a valid cause of action based on these allegations, but Plaintiff has submitted a virtually identical "amended" document.  For substantially the same reasons provided in its previous August 3, 2009 Order, the motion to dismiss the first claim is **GRANTED**.

**D.  CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**

Plaintiff's second claim for relief alleges Defendants violated California Business and Professions Code § 17200 ("UCL") by violating TILA.  (See Compl. ¶¶ 18-21.)  To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law.  (Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).)  Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either.  (See, e.g., Smith v. State Farm Mut. Auto. Ins. Co., 93 Cal. App. 4th 700, 718 (2001).)  Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim.  However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed.  Accordingly, Plaintiff has not stated a UCL claim.  (See Rubio v. Capital One Bank (USA), N.A., 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008).)  The motion to dismiss the second claim is **GRANTED**.

**LINK: 13**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4480 GAF (PJWx) | Date | October 16, 2009 |
|---|---|---|---|
| Title | Shannon Chlarson v. Wachovia Mortgage Corporation et al | | |

## IV.  CONCLUSION

The motion to dismiss is **GRANTED**, and the complaint is dismissed with prejudice.

**IT IS SO ORDERED.**